IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50289
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNA MARIE DIAZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-200
- - - - - - - - - -
November 19, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Anna Marie Diaz appeals her sentence following her conviction of bank fraud. The district court adequately informed Diaz that it would consider the sentencing guidelines and that it could depart from those guidelines. FED. R. CRIM. P. 11(c)(1). The district court's failure to inform Diaz that revocation of supervised release would forfeit credit for all time spent on release was harmless error; it is doubtful that Diaz would have

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

pleaded not guilty and faced trial had the district court so informed her. *United States v. Arlen*, 947 F.2d 139, 146 (5th Cir. 1991), *cert. denied*, 502 U.S. 939 (1992). The district court's failure to inform Diaz explicitly that she could plead not guilty was harmless error, *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993)(en banc); the district court's explanation of the rights Diaz waived by pleading guilty was sufficient to inform Diaz that she could plead not guilty and proceed to trial.

The departure from the guideline sentencing range to a 60-month sentence was not an abuse of discretion. Diaz's history of arrests on similar charges and her convictions of similar offenses suggest that her criminal history category did not adequately reflect the seriousness of her past conduct and that she will commit similar offenses after her release. U.S.S.G. § 4A1.3. The district court's explanation that Diaz's history justified a departure to 60 months was adequate; the court need not have explicitly discussed and rejected each possible sentencing range between the guideline range and 60 months. *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc). Finally, the departure was reasonable. Diaz's history indicated that only a stiff punishment might influence her to curb her criminal behavior.

AFFIRMED.